In re MACHINE METAL PRODUCTS CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 24, 1918.)

No. 202.

BANKRUPTCY ⊙==314(3)—PROVABLE CLAIMS.

> That a bank which lent money to a manufacturing corporation, taking secured notes therefor, made an ultra vires agreement to accept a share of the net profits of the business, from which it received nothing, does not debar it from proving its notes against the corporation in bankruptcy.

Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of the Machine Metal Products Company, Incorporated, bankrupt. From an order allowing claim of the New Netherland Bank of New York, James Gray, trustee, appeals. Affirmed.

⊙==For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Collin, Wells & Hughes, of New York City (Harry H. Schutte, of Brooklyn, N. Y., of counsel), for appellant.

Sackett, Chapman & Stevens, of New York City (Henry A. Wise, of New York City, of counsel), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The New Netherland Bank of New York loaned money upon promissory notes secured by two chattel mortgages to the bankrupt. I. N. Levinson and I. Steigerwald were accommodation indorsers. Objection was made by the trustee to the filing of these claims. In an opinion filed, the referee has dismissed the objections of the trustee, and allowed the claim of $91,-580. The District Judge sustained the referee, and the trustee appeals.

The bankrupt was a domestic corporation and engaged in manufacturing munitions, when this money was loaned. Levinson was its president, and Steigerwald was the father-in-law of Levinson. Officers of the bank appear to have been interested from the inception of the organization of the bankrupt in the matter of financing the corporation. The bank loaned the money at the rate of 6 per cent. interest upon its promissory notes, with apparently two financially sound indorsers. In a letter, dated April 3, 1916, addressed to the two officers of the bank, the bankrupt agreed, for a nominal consideration, to pay the sum of 20 per cent. of the net profits of all business transacted by the bankrupt for the years 1916 and 1917. This was written on the letter head of the bank. Later it was suggested that the letter be addressed to the bank, and not the officers, and a letter similar in purport was written to the bank agreeing to pay 20 per cent. profit for the years 1916 and 1917 to it.

The trustee now objects to the allowance of the claim, first, upon the ground that the agreement to receive 20 per cent. of the profits is illegal and invalid; and, second, that, since the bank was a participant in the profits of the bankrupt's business, it should not equitably be permitted to share in the assets of the bankrupt's estate on the same terms as creditors having no such interest in the profits, and says that the claim should be allowed only as subsequent to the payment of all general creditors.

When the bank originally loaned money to the bankrupt, it did not enter into a partnership agreement. There was provision for sharing of the profits, but no provision for the sharing of losses, and it could not be held for loss. It accepted evidence of indebtedness (promissory notes), with accommodation indorsers. The testimony indicates that it was reliance upon the financial standing of these indorsers, as much as that of the bankrupt, that influenced the extension of credit. The acceptance of 20 per cent. of the profits for the years 1916 and 1917 by the bank would be illegal. Any attempted copartner relationship by the bank would be ultra vires. But the bank never received any compensation, for there were no profits. The trustee cannot, therefore, set up as a defense an estoppel by way of ultra vires. The money was loaned for the use of the bankrupt, and it has

had the benefit thereof, and is clearly liable therefor. Citizens' Bank v. Appleton, 216 U. S. 196, 30 Sup. Ct. 364, 54 L. Ed. 443.

The order appealed from should be affirmed.